The order below is hereby signed.

Signed: January 11, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| GLADIZ HERNANDEZ, | ) | Case No. 08-00730 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER STRIKING LETTER FILED BY DEBTOR

The debtor filed a letter on December 23, 2008, asking the court to extend the automatic stay in this case for 60 days, and alleging that her lender is trying to foreclose on her home. The letter was not filed as a motion and served on the lender with notice under Local Bankruptcy Rule 9013-1 of an opportunity to oppose the motion. I will strike the letter for that reason and for the following additional reasons.

The automatic stay cannot be put back into place in a dismissed case so long as the case remains dismissed. This case was dismissed on November 20, 2008, with prejudice for 180 days for failure to pay the filing fee, and the case was closed on December 16, 2008. Before the court could consider a request for any relief, the debtor would first have to file a motion to

reopen the case in order to consider a motion to vacate the order of dismissal.  The debtor has stated no reason why the case should be reopened if the filing fee remains unpaid.  Moreover, a motion to reopen the case would trigger fees totaling $260 pursuant to items 9 and 11 of the Miscellaneous Fee Schedule (Appendix to 28 U.S.C. § 1930), unless the court waived the fee upon a showing of good cause for waiver.

Finally, the lender's motion for relief from the automatic stay was pending when the case was dismissed, and the debtor does not suggest that she would have any defense to the motion for relief from the automatic stay.  In a chapter 7 case, with exceptions of no applicability here, the debtor has no bankruptcy right to alter the nonbankruptcy law entitlements of a secured creditor pursuant to its lien.  Accordingly, a creditor is ordinarily entitled to relief from the automatic stay unless the chapter 7 trustee as representative of the estate opposes the motion (for example, in order to sell the property for the benefit of unsecured creditors).  Accordingly, if a motion to reopen were filed, it does not appear that there would be a good reason for granting the motion to reopen.

For all of these reasons, it is

ORDERED that the debtor's letter is stricken.

[Signed and dated above.]

Copies to: Debtor; Office of United States Trustee.